IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| CARL ROSENOW, | ) Civil Action No. 9:10-1592-RMG-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CARECORE NATIONAL, LLC, | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et. seq. Plaintiff is a former employee of the Defendant CareCore National, LLC.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 24, 2012. Plaintiff filed a response in opposition to the Defendant's motion on February 10, 2012, following which the Defendant filed a reply memorandum on February 21, 2012. A hearing on the motion was held on March 27, 2012, at which both parties were represented by counsel.

The Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



## Background and Evidence[2]

In July 2006, the Defendant purchased a Beechjet 400, a twin engine jet airplane. The Defendant's Beechjet was based out of New York and was managed by Richmor Aviation, a third party charter management service. Plaintiff's Deposition, pp. 12, 14, 15; Fox Deposition, p. 15. The original pilot assigned to captain the aircraft by Richmor was Todd Fox. Fox Deposition, p. 15. In the fall of 2007, Don Ryan, the Defendant's CEO, decided to move to Hilton Head, South Carolina and to move the Beechjet with him. Plaintiff's Deposition, p. 12. A new pilot was then sought for the aircraft, and in October 2007 Richmor hired Plaintiff to be the Captain for the Beechjet. Plaintiff's Deposition, p. 12. Although Plaintiff had never flown a Beechjet 400 prior to being assigned to captain the Defendant's Beechjet, Plaintiff had been qualified to serve as an aircraft Captain since 1969. Plaintiff's Deposition, pp. 15, 20. Fox then trained Plaintiff to pilot the BeechJet, which involved more than ten trips and probably a "hundred hours plus." Fox Deposition, pp. 28-29.

When Ryan decided to move to South Carolina, Fox initially did not wish to relocate, which is why Plaintiff was hired to be the new captain. Plaintiff's Deposition, pp. 12-13; Fox Deposition, p. 24-25, 33-34. However, Fox subsequently reconsidered, and Fox was rehired. Fox Deposition, pp. 34-35. The following month, in January 2008, Ryan approached Plaintiff and Fox and asked them if they would be willing to leave Richmor in order to establish a separate flight department with the Defendant to manage the Beechjet. Plaintiff's Deposition, pp. 37-38; Fox Deposition, pp. 38-40. Both Plaintiff and Fox agreed to Ryan's proposal, and they went to work for

---

[2] The facts and evidence are considered and discussed herein in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

2



the Defendant. Plaintiff's Deposition, pp. 55-57; Fox Deposition, pp. 41-43; see also Defendant's Exhibit C [Plaintiff's Employment Application]. Plaintiff and Fox were both hired at the same salary ($100,000), and both were designated as "captains" of the Beechjet, with neither being over the other. Plaintiff's Deposition, pp. 55-56; Fox Deposition, pp. 40-41, 46. The Defendant severed its contract with Richmor on February 1, 2008, and Fox and the Plaintiff were hired effective that date.

Plaintiff was fifty-eight (58) years old when he was hired by the Defendant. Plaintiff's Deposition, pp. 7, 38, 58, 76. Plaintiff testified that it was around this time that the Federal Aviation Administration's long standing "rule of 60" was changed so as to allow commercial airline pilots over the age of sixty (60) to continue to fly. Plaintiff testified that during discussions with Fox, Fox indicated that he did not support this change, but did not give any specific reasons. Plaintiff's Deposition, pp. 47-48.

In early 2009, Miroslaw Hudak was hired to substitute for Plaintiff when he was out on vacation. Fox Deposition, pp. 56-57. Hudak was living in Bluffton, which is near Hilton Head, at the time. Fox Deposition, p. 58. Fox had known Hudak for many years, dating back to when Hudak was a flight instructor for Richmor. Fox Deposition, pp. 55-56. Fox testified that Hudak was selected to be a relief pilot for when either he or the Plaintiff were on vacation because he was experienced, was available, and was at that time unemployed. Fox Deposition, p. 57.

Sometime during 2009, Ryan determined that it was no longer economically feasible nor necessary to retain two captains for the BeechJet aircraft. Plaintiff's Deposition, pp. 77-78; Fox Deposition, pp. 68, 69, 71; see also Defendant's Exhibit D [Galloway Affidavit]³; Defendant's

---

³Ryan passed away on September 17, 2011 without ever being deposed in this lawsuit. See Fox Deposition, p. 116. Galloway's affidavit contains certain statements attributed to Ryan. The
(continued...)



Exhibit E [Trip Logs]. Ryan decided to eliminate one of the captain's positions, and to replace that position with a co-pilot who would have a much lower salary than either Fox or the Plaintiff. Id. Ryan further determined that Plaintiff's position was the one that would be eliminated, and on July 10, 2009 the Defendant's Senior Vice President for Human Resources, Janet Galloway, spoke to Plaintiff on the phone and told him that he was being terminated. Plaintiff's Deposition, pp. 58-59. Two days earlier, on July 8, 2009, Galloway had written to Hudak offering him the position of co-pilot with the Defendant at one half the salary Plaintiff was making. Fox Deposition, Exhibit 3. Hudak was twenty-nine (29) years old in the summer of 2009. Hudak Deposition, p. 35. Plaintiff had turned sixty on June 29, 2009.

At Plaintiff's request, he had a meeting with Ryan on July 13, 2009, at which Ryan told Plaintiff that the Defendant had looked at their costs and could not justify paying for two captains, although he acknowledged that the matter had been "very poorly handled".[4] Plaintiff's Deposition, p. 61. Ryan told Plaintiff that he was retaining Fox as the sole pilot for the Beechjet because Fox had been there longer and had seniority. Plaintiff's Deposition, p. 88. Plaintiff testified that he told Ryan that, if there was no other way to reduce the cost of the flight department, he was willing to "suck it up and, you know, go to a co-pilot's position, whatever it took so as not to be unemployed". Plaintiff's Deposition, p. 61. However, Hudak had already been hired. In fact, July

---

[3](...continued)
undersigned has issued a separate order discussing to what extent these statements are proper for consideration under Fed.R.Evid. 807 for purposes of this opinion.

[4]Defendant contends that this meeting actually occurred on July 20, 2009, and the documentary evidence supports this contention. See Defendant's Reply Brief, Exhibit D; See Defendant's Exhibit I, p. 4 [Plaintiff's Initial Inquiry Questionnaire]. However, since Plaintiff testified that the meeting occurred on July 13, 2009, and persists in this position, the undersigned has assumed for purposes of summary judgment that the meeting in fact took place on July 13, 2009.

4



13, 2009 was his first day on the job. Plaintiff's Deposition, p. 83; Hudak Deposition, pp. 22, 30; see also Defendant's Exhibit K; Plaintiff's Exhibit 5 [Attached email].

Plaintiff testified Fox told him that he knew nothing about Plaintiff's termination until Plaintiff called him on July 10, 2009; however, Fox's personal log indicates that he was given notification of Plaintiff's termination on July 9, 2009. Plaintiff's Deposition, p. 62; Fox Deposition, p. 110, and attached Exhibit 7. The Defendant contends that Ryan did not offer the co-pilot's position to Plaintiff because Ryan did not believe that Plaintiff would accept a job that involved such a substantial pay cut, and would not have been willing to be Fox's subordinate. Defendant's Exhibit D [Galloway Affidavit]; see also Plaintiff's Deposition, p. 55.

Following his termination, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC), alleging age discrimination. Plaintiff was issued a Right to Sue letter on April 1, 2010; see Complaint, attached exhibit; and thereafter timely filed this lawsuit alleging that his termination was on account of his age in violation of the ADEA.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d



872, 874-75 (4th Cir. 1992). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Plaintiff's ADEA claim is for disparate treatment, based on his allegation that he was discriminated against on the basis of his age when he was terminated by the Defendant. Disparate treatment claims under the ADEA are evaluated under the same standards as discrimination claims asserted under Title VII of the Civil Rights Act of 1964. Brennan v. Metropolitan Opera Ass'n Inc., 192 F.3d 310, 316 (2d Cir. 1996) ["The same standards govern disparate treatment claims arising under either Title VII or the ADEA."]; Loveless v. Sherwin-Williams Co., 681 F.2d 230, 238 (4th Cir. 1982). Such claims require proof of intentional discrimination, either by direct evidence or by the structural procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff has not offered any direct evidence of age discrimination,[5] and Defendant argues that Plaintiff has failed to present sufficient circumstantial evidence under the McDonnell Douglas proof scheme to create a genuine issue of fact as to whether he was terminated because of his age to survive summary judgment. The undersigned is constrained to agree.

The United States Supreme Court articulated a three-part formula for analyzing discrimination cases in McDonnell Douglas. First, Plaintiff must establish a prima facie case of discrimination. If a prima facie case is established, a rebuttable presumption is created that the

---

[5]Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-549 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996); Black's Law Dictionary, 460 (6th Ed. 1990) (citing State v. McClure, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974)); see Williams v. General Motors Corp, 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).



Defendant unlawfully discriminated against him.  Second, once this presumption has been established, the burden of production shifts to the Defendant to show a legitimate, non-discriminatory reason for its actions.  Third, if the Defendant shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that the Defendant's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the Defendant were really based on Plaintiff's age.  McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-256 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991). Despite these shifting burdens of production, however, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

**Prima facie case**.  In order to meet the first prong of the McDonnell Douglas formula and establish a prima facie case of age discrimination, Plaintiff must show  (1) that he is a member of the ADEA's protected class (age forty or above); (2) that he was performing his job satisfactorily; (3) that he was subjected to an adverse employment action; and (4) that he was replaced by a substantially younger person, and/or that the adverse employment action(s) occurred under circumstances giving rise to a reasonable inference of unlawful age discrimination. See generally, Halperin v. Abacus Tech. Corp., 128 F.3d 191, 201 (4th Cir. 1997); overruled on other grounds by, Baird v. Rose, 192 F.3d 462 (4th Cir. 1999); Vaughan v. MetraHealth Cos., 145 F.3d 197, 201 (4th Cir. 1998) rev'd on other grounds, Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 (2000); Causey v. Balog, 162 F.3d 795, 802 & n. 3 (4th Cir. 1998); Fryer v. Engelhard Corp., No. 96-2080, 1997 WL 342561, at *1 (4th Cir. June 23, 1997); Stokes v. Westinghouse Savannah River Co.,

7



206 F.3d 420, 430 (4th Cir. 2000); Lovelace, 681 F.2d at 238; see generally, Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993). It is undisputed that Plaintiff is a member of a protected class (over forty years old), that he was performing his job satisfactorily, and that he was subjected to an adverse employment action (he was discharged). However, the Defendant argues that Plaintiff cannot meet the Fourth prong of his prima facie case.[6] The undersigned concludes, however, that the evidence is sufficient to establish the fourth prong of Plaintiff's prima facie case.

The Defendant had two captains, Plaintiff and Fox, to pilot its aircraft. Following the job decision at issue, Fox remained in his position, while the sixty year old Plaintiff was fired and a man in his twenties was hired to be the co-pilot. The Defendant may argue that since Plaintiff's position was eliminated he was not actually replaced by Hudak, because Hudak was hired as a co-pilot (a different position) and at half the salary Plaintiff was making. However, Plaintiff testified that he would have taken a salary cut to retain his job, and considering the evidence and any reasonable inferences to be drawn from that evidence in the light most favorable to the Plaintiff, the undersigned finds for purposes of further consideration of Defendant's summary judgment motion that the evidence is sufficient to give rise to a genuine issue of fact as to whether the adverse decision occurred under circumstances giving rise to a reasonable inference of age discrimination. Cf. Montana v. First Federal Sav. and Loan Ass'n of Rochester, 869 F.2d 100, 105 (2d Cir.

---

[6]Defendant in fact uses a three prong prima facie case, which does not include Plaintiff being replaced by someone from outside of his protected class. See Defendant's Brief, at p. 10, citing to Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991). However, the undersigned finds that the prima facie case cited hereinabove is the more utilized, and in any event is more appropriate for use in this case. McDonnell Douglas, 411 U.S. at 802; Jyachosky v. Winter, 343 Fed.Appx. 871, 876 (4th Cir. Sept. 14, 2009); see Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995)[The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged].



1989)[Finding inference of discrimination where Plaintiff was terminated, following which most of her duties were transferred to a 26 year old employee, she was not offered the opportunity to transfer to another department, and was not considered for new position given to 26 year old]. Therefore, Plaintiff has established his prima facie case.

**Legitimate, non-discriminatory reason**. The evidence before the Court reflects that the Defendant has set forth a legitimate, non-discriminatory reason for the action taken. The Defendant has submitted evidence to show that it was not cost effective to keep two captains on the payroll. Plaintiff's Deposition, p. 41; Fox Deposition, pp. 40-41, 45-46; Defendant's Exhibit D [Galloway Affidavit]; Defendant's Exhibit E [Trip Logs]. Plaintiff himself confirms that this was the reason Ryan gave for his termination. Plaintiff's Deposition, pp. 61, 77-78; see also pp. 58-59. The Defendant has further submitted evidence to show that Fox had more experience flying the type of aircraft at issue as well as with providing piloting services to the Defendant, and that Ryan made the decision to retain Fox as the captain of the aircraft based on these factors. See Plaintiff's Deposition, [Court Docket No. 29-2, p. 18];[7] see also Plaintiff's Deposition, p. 78; Fox Deposition, pp. 15-16, 28; Defendant's Exhibit D [Galloway Affidavit]. Finally, the Defendant's evidence reflects that Plaintiff was not offered the newly created co-pilot position because the Defendant did not believe Plaintiff would be willing to become a subordinate to Fox with the substantial pay cut involved based on his experience and credentials and the agreement between Plaintiff and Fox that they would be co-equals. See Plaintiff's Deposition, p. 55; Defendant's Exhibit D [Galloway Affidavit]; see Sembos v. Philips Components, 376 F.3d 696, 701, n. 4 (7th Cir. 2004)[over-qualification can constitute a legitimate, non-discriminatory reason].

---

[7]Deposition page number does not appear on copy submitted separately to the Court.



This evidence is sufficient to establish a legitimate, non-discriminatory reason for the Defendant's actions.  See EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991) [The Defendant's burden of establishing a legitimate, non-discriminatory reason is only one of production, not of persuasion].  Therefore, Plaintiff must present evidence sufficient to create a genuine issue of fact that these reasons are mere pretext offered by the Defendant to hide a true discriminatory motive in order to avoid summary judgment.

**Pretext**.  In order to establish pretext, Plaintiff must show that "but for" the Defendant's intent to discriminate against him because of his age, he would not have been subjected to the employment action at issue.  EEOC, 955 F.2d at 941; Conkwright, 933 F.2d at 234.  "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole... must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [age animus].'"  LeBlanc v. Great American Insurance Co., 6 F.3d 836, 843 (1st Cir. 1993), citing Goldman v. First Nat'l Bank, 985 F.2d 1113, 1117 (1st Cir. 1993)(quoting Connell v. Bank of Boston, 924 F.2d 1169, 1172, n. 3 (1st Cir. 1991), cert. denied, 111 S.Ct. 2828 (1991)); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141-143 (2000).  Plaintiff has failed to present any such evidence.

The evidence before the Court, even considered in the light most favorable to the Plaintiff, fails to provide any inference that Ryan's decision to terminate Plaintiff's employment was motivated by an anti-age bias or animus.  Indeed, the only way age even becomes an issue is because of the fact that the individual hired to be the plane's co-pilot was in his twenties.  However, that fact alone is not a basis for a discrimination claim, for if it were, then employers would be subject to liability anytime a younger person is selected for a job over someone older.  See Tusing v. Des



Moines Independent Community School Dist., 639 F.3d 507, 517 (8th Cir. 2011)(citing Thomas v. Corwin, 483 F.3d507 (8th Cir. 2007)[Finding that Plaintiff could not show employer's reasons for her termination were a pretext for age discrimination where Plaintiff's only evidence was that she was replaced by someone younger.]); Nichols v. Caroline County Bd. of Educ., 123 F.Supp.2d 320, 327 (D.Md. 2000)[Plaintiff's contention that he was subjected to an adverse employment action "because I am who I am" insufficient to establish claim for discrimination]; Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1288, n. 4 (4th Cir. 1985) [a case should be dismissed "...when the only evidence in support of the plaintiff's...case is based on unfounded conjecture...that [his] disfavorable treatment was the result of discrimination...."].

Rather, in order to show pretext, Plaintiff must have some *evidence* to create an issue of fact that the *reason* Ryan decided to terminate him as a captain and then hire Hudak to be the plane's co-pilot was because of Plaintiff's age. There is no such evidence. Ryan is the one who hired Plaintiff in the first place, when Plaintiff was already fifty-eight years old, and there is no evidence that Ryan ever indicated he had any problems with Plaintiff's age or had ever made any comments or given any indication to anyone or in any document that Plaintiff's age was a factor in his decision to terminate Plaintiff when he decided he needed only one captain and a co-pilot, instead of two captains. See generally, Buhrmaster v. Overnight Transp. 61 F.3d 461, 464 (6th Cir. 1995) ["[A]n individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class."], cert. denied, 516 U.S. 1078 (1996).

While Plaintiff finds fault with Ryan's decision to retain Fox while letting him go, it is clear in the evidence that Fox had both worked with Ryan longer and had more experience flying

11



the Beechjet aircraft. See Plaintiff's Deposition, [Court Docket No. 29-2, p. 18];[8] see also Plaintiff's Deposition, p. 78; Fox Deposition, pp. 15-16, 28. Hence, there is no evidence that age played a role in the decision to retain Fox as the sole captain. Nor is there any dispute that changing the second pilot position from a caption's position to a co-pilot position saved the Defendant a substantial amount of money. See Plaintiff's Deposition, pp. 77-78. While Plaintiff argues that he would have been willing to accept a demotion and a one-half reduction in his salary, and that Ryan should have therefore kept him on as the co-pilot rather than hire Hudak, that was a decision for Ryan to make, in light of all of the factors he had to consider. Colbert v. Tapella, 677 F.Supp. 2d 289, 295 (D.D.C. 2010)(quoting Hairsine v. James, 517 F.Supp.2d 301, 308-309 (D.D.C. 2007)["[T]he scope of review in employment discrimination cases is more narrow than [Plaintiff] wishes because federal courts are not review boards for local employment decisions . . . . A personnel decision can be silly, it can be unfair, and it can be short-sighted without being illegal; [the ADEA] protects [against] discriminatory decisions, not wrong ones."]. Ryan could have reasonably assumed that demoting Plaintiff and slashing his salary while retaining Fox as the captain at his $100,000 salary would have been too awkward a situation or would have been too complicating in light of the two pilots' previous agreement and Plaintiff's extensive experience in the field. Cf. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1290 (9th Cir. 2000)[Holding employer was entitled to summary judgment on Plaintiff's ADEA claim where Plaintiff was rejected for position because he was over-qualified].

In any event, there is no evidence whatsoever, other than Plaintiff's own speculation; see Plaintiff's Deposition, pp. 74, 76, 90-91; Defendant's Exhibit D (Galloway Affidavit); that Ryan's decision had any age based motivation whatsoever. Kariotis v. Navistar Intern. Transp. Corp.,

---

[8]The deposition page number does not appear on the copy submitted separately to the Court.



131 F.3d 672, 680 (7th Cir. 1997) ["Discrimination statutes allow employers to discharge employees for almost any reason whatsoever (even a mistaken but honest belief) as long as the reason is not illegal discrimination. Thus when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection."]; Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998); cf. Rudolph v. Hechinger, 884 F.Supp. 184, 188 (D.Md. 1995) ["Title VII (does) not protect against unfair business decisions - only against decisions motivated by unlawful animus"], citing Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1257 (5th Cir. 1977).

Plaintiff's only real argument for pretext in the Defendant's decision making is his testimony that Fox did not support the change in federal law that allowed commercial pilots to continue flying after age sixty. Plaintiff's Deposition, pp. 47-48. Even assuming this testimony to be true for purposes of summary judgment, however, such isolated comments by Fox (Plaintiff's co-employee), unconnected in any way to Ryan's decision to terminate Plaintiff's employment (other than through Plaintiff's own mere speculation that maybe somehow Fox convinced Ryan to terminate Plaintiff because he had turned sixty, of which there is no evidence), are not sufficient to establish a genuine issue of fact as to whether Ryan's decision to terminate Plaintiff was based on Plaintiff's age. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."]; see also DiMaso v. Duo-Fast Corp., No. 88-1661, 1990 WL 165326, at *5 (N.D.Ill. Oct. 25, 1990)["Isolated and ambiguous statements, as a matter of law, are too abstract to support a finding of age discrimination"]; order vacated on reconsideration on other grounds by, 1990 WL 205818 (N.D. Ill. Dec. 4, 1990); O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-



549 (4th Cir. 1995)["Isolated and ambiguous statements . . . 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination . . . .'"], rev'd on other grounds, 517 U.S. 308 (1996) (quoting Gagne v. Northwestern Nat'l. Ins. Co., 881 F.2d 309, 314 (6th Cir. 1989)); Causey, 162 F.3d 801-802 [conclusory statements, without specific evidentiary support, do not support a claim for discrimination].

Finally, Plaintiff argues that the Defendant has given conflicting reasons for its decision to eliminate one of the captain positions and replace it with a co-pilot, which can constitute evidence of pretext. The Court notes that in a letter from Ryan dated July 24, 2009 [see Defendant's Exhibit F[9]], the Defendant states that the usage for the airplane had decreased in the last year. Plaintiff argues that this reason for his dismissal is contradicted by the Defendant's travel logs [see Defendant's Exhibit E] and Fox's testimony [see Fox Deposition, p. 71]. However, although a finding that a defendant's explanation is unworthy of credence may be probative of intentional discrimination,

> [c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

Reeves, 530 U.S. at 148.

---

[9]The undersigned has issued a separate order finding that this letter is not proper evidence to consider in support of Defendant's motion for summary judgment. However, viewing everything in the light most favorable to the Plaintiff, the undersigned has considered the contents of that letter for purposes of discussion of whether Defendant's explanation for its actions is unworthy of credence. The contents of the letter have not otherwise been considered in this Report and Recommendation.



Here, while it appears that Ryan's statement in this letter that air travel had contracted by a significant amount in the year prior to July 2009 can be disputed and the parties are unable to question Ryan about that statement since he is now deceased, Plaintiff himself conceded that the travel had decreased at some point. See Plaintiff's Deposition, p. 41. In any event, the evidence before the Court shows that the Defendant was paying two employees for performing pilot responsibilities even though these employees actually alternated performing those responsibilities; see Plaintiff's Deposition, p. 81; Fox Deposition, pp. 40-41, 45-46; and Plaintiff testified that Ryan told him that they had looked at their costs, the use of the airplane, and couldn't justify paying for two captains. See Plaintiff's Deposition, p. 61. Further, while Galloway attests that Ryan told her that he made the decision to terminate Plaintiff's employment "after analyzing the usage of the corporate jet", even though that testimony does not mention any decline in usage within the past year, the testimony of both Fox and the Plaintiff show that both flew together, and that they alternated the piloting responsibilities, which supports the Defendant's decision that only one captain was needed, and that a second pilot could be a co-pilot receiving less salary. See Plaintiff's Deposition, pp. 61, 81; Fox Deposition, pp. 40-41, 45-46. The Court also notes that Plaintiff has offered no argument that two captains, rather than a captain and co-pilot (at a reduced salary), were needed by the Defendant. Therefore, the undersigned does not find that any dispute over an alleged decrease in air travel provides the necessary evidence of pretext to overcome Defendant's motion for summary judgment. See Reeves, 530 U.S. at 148.

In sum, Plaintiff has failed to provide evidence sufficient to give rise to a genuine issue of fact that the reason he was terminated and Hudak was then hired to be the co-pilot was Plaintiff's age. Although Plaintiff may sincerely believe that he was discharged because of his age,



Plaintiff's own conclusory and self serving belief, no matter how heartfelt, is simply not sufficient absent any supporting evidence to defeat the Defendant's motion for summary judgment. <u>Cook v. CSK Transp. Corp.</u>, 988 F.2d 507, 513 (4th Cir. 1993) ["[U]nsupported allegations do not establish a prima facie case of [ ] discrimination...."]; <u>see</u> <u>also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986) [there must be evidence on which a jury could reasonably find for the Plaintiff]; <u>Evans v. Technologies Applications & Serv. Co.</u>, 80 F.3d 954, 960 (4th Cir. 1996) ["unsubstantiated allegations" are insufficient to defeat summary judgment]; <u>cf.</u> <u>Boden v. U.S. Amada Ltd.</u>, 978 F.Supp. 657, 659 (E.D.N.C. 1997) [former employee's own subjective belief and conclusory statements that he had been discriminated against are not sufficient to raise reasonable inference of unlawful discrimination]; <u>Hawkins v. Pepsico, Inc.</u>, 203 F.3d 274, 281 (4th Cir. 2000) [affirming grant of summary judgment to the employer where the employee did not "show that...[the] problems were [age based] in nature"]; <u>Yarnevic v. Brink's Inc.</u>, 102 F.3d 753, 757-758 (4th Cir. 1996) [holding that remote inferences and conclusory allegations cannot defeat summary judgment].

Therefore, Plaintiff having failed to present evidence sufficient to give rise to a genuine issue of fact with respect to pretext in the Defendant's decision making, the Defendant is entitled to summary judgment in this case. <u>Gairola</u>, 753 F.2d at 1288, n. 4 [a case should be dismissed "...when the only evidence in support of the plaintiff's...case is based on unfounded conjecture...that [his] disfavorable treatment was the result of discrimination...."].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 24, 2012
Charleston, South Carolina

17



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

